In the Matter of BENEDICT BRUCIA, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, March 17, 1959.

*Frank H. Gordon* for petitioner.

*Joachim Titolo* for respondent.

*Per Curiam.* Respondent was retained in or about April, 1955 to prosecute a rent overcharge claim for a client who had left the continental United States for residence in Burma. The client had executed a power of attorney to her father in connection with the matter and her father retained the respondent. The client and her father failed to receive replies to inquiries directed to respondent concerning the status of the litigation.

After the client complained to the petitioner herein, respondent falsely represented to its counsel that an action had been instituted and that the client had rejected an offer of full settlement, demanding treble damages. When served with a charge letter, respondent admitted the correct status of the case. He stated that the file had been misplaced and lost, and that after the Statute of Limitations had expired, in order to cover that fact, he stated falsely that an action had been initiated and was in the process of being settled when, in fact, no action had been started.

Prior to the hearing before the Grievance Committee, respondent's counsel paid the client's father $600, for which he received a general release.

On April 29, 1958 this court suspended respondent for six months for misuse of funds received from the executor of an estate and delay in paying certain bequests (5 A D 2d 488). Respondent has not applied for reinstatement for the stated reason that these proceedings were instituted during the period of suspension. Respondent seeks to explain his gross neglect and misrepresentations by claiming that the prior proceedings which culminated in his suspension had a direct bearing on his actions in the present proceedings.

Neglect and misrepresentation are not appropriate to the legal profession. The prior disciplinary proceeding should have impressed upon respondent the necessity of being prompt. The effect of that proceeding should have prompted him to take action on behalf of his client and not to make misrepresentations to her and to the Grievance Committee. Respondent's excuses

are on a par with his conduct—in short, unsatisfactory and inexcusable.

The charges have been admitted, respondent is found guilty of same, and we hold he should be suspended from practice as an attorney for one year from the date hereof.

BOTEIN, P. J., VALENTE, McNALLY, STEVENS and BERGAN, JJ., concur.

Respondent suspended for a period of one year.